UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KLARA ERNYES-KOFLER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SANOFI S.A., et al.,<br><br>  Defendants. | Case No. 5:16-cv-07307-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING TRANSFER TO MDL 2740**<br><br>Re: Dkt. No. 14 |

Defendant sanofi-aventis U.S. LLC moves to stay this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this action to MDL 2740. Defendant's motion will be GRANTED.

**I.  BACKGROUND**

Plaintiffs allege that they suffered permanent hair loss from using Taxotere, a chemotherapy drug. Notice of Removal ¶ 2, Dkt. No. 1. Over 700 similar cases are pending in federal courts. Id. On October 4, 2016, the JPML established MDL 2740 to centralize these cases in the Eastern District of Louisiana. Id.; see also In re Taxotere (Docetaxel) Prods. Liab. Litig., MDL 2740, 2016 WL 5845996 (J.P.M.L. Oct. 4, 2016). Defendant sanofi-aventis U.S. LLC filed a notice of potential tag-along actions on December 23, 2016, and the JPML conditionally transferred this case on January 3, 2017. MDL Dkt. Nos. 216, 222.

Plaintiffs filed this action in Santa Clara County Superior Court. Notice of Removal ¶ 2. Defendant sanofi-aventis U.S. LLC removed on the basis of diversity jurisdiction, arguing that

Defendant McKesson Corporation, a California citizen, was fraudulently joined. Id. ¶¶ 9–24. Plaintiffs have moved to remand. Dkt. No. 10. Defendant sanofi-aventis U.S. LLC now asks the Court to stay this case pending transfer to MDL 2740.

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). While a court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings" when a party moves to transfer a case to an MDL panel (Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)), courts "frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). A stay is appropriate "when it serves the interest of judicial economy and efficiency." Id.

When considering a motion to stay pending a JPML transfer, courts assess "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers, 980 F. Supp. at 1360.

When faced with both a motion to remand and a motion to stay pending a JPML transfer, some district courts in the Ninth Circuit apply the three-part test from Meyers v. Bayer AG, 143 F. Supp. 2d 1044 (E.D. Wis. 2001). Under the Meyers test, courts should (1) "give preliminary scrutiny to the motion to remand"; (2) assess whether "the jurisdictional issue appears factually or legally difficult"; and (3) consider whether the "jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred." Id. at 1049; see also Barba v. Janssen Research and Dev. LLC, 8:15-cv-1548-DOC-JCG (C.D. Cal. Oct. 27, 2015), Dkt. No. 17 (finding that the Meyers test favored a stay pending JPML transfer, and deferring ruling on the motion to remand).

2

Case No.: 5:16-cv-07307-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING TRANSFER TO MDL 2740

### III. DISCUSSION

The Court finds that each factor discussed above favors a stay.

First, a stay would cause little prejudice to Plaintiffs. If the case is transferred, Plaintiffs will be able to make their jurisdictional arguments before the MDL court. See In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d, 1346, 1347 (J.P.M.L. 2001) ("remand motions can be presented to and decided by the transferee judge"). No harm comes from a brief delay while the JPML decides whether to transfer this case. In fact, a stay might help Plaintiffs avoid unnecessary effort and expense. See Nash v. Janssen Research & Dev. LLC, 2:15-cv-03868-AB-E (C.D. Cal. June 4, 2015), Dkt. No. 19 at 3–4 ("Plaintiffs may benefit from the stay as they will be spared from the costs of pretrial motion practice and discovery in this Court that may be unnecessary in the MDL court if the transfer is granted").

Second, Defendant would suffer "hardship and inequity" if this case were to continue here. It would be forced to conduct duplicative discovery and motion practice. And it would face the prospect of inconsistent rulings if it were forced to litigate the same issues in multiple forums. See Nash, 2:15-cv-03868-AB-E, Dkt. No. 19 at 4 ("with respect to the alleged fraudulent joinder of McKesson and its implications for removal, staying the case as opposed to adjudicating the issue prior to transfer is favorable because it will promote judicial consistency and avoid conflicting results"); Major-Mack v. Organon USA, Inc., No. 13-cv-05421-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014) ("deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system") (citations omitted).

Third, a stay would conserve judicial resources. If this case goes on, and the JPML later finalizes its decision to transfer it, this Court will have "needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." Rivers, 980 F. Supp. at 1360–61. And "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . . ." Id.

The <u>Meyers</u> test, although not binding in the Ninth Circuit, also favors a stay. The jurisdictional issues here are complex—and at least one other case raising the same question of fraudulent joinder has already been transferred to MDL 2740. <u>Bickley v. Sanofi S.A.</u>, 4:16-cv-01307-RLW (E.D. Mo.) (transferred in MDL Dkt. No. 281); <u>see also</u> <u>Nash</u>, 2:15-cv-03868-AB-E, Dkt. No. 19 at 3 ("In light of the JPML's preliminary determination that this case should be transferred into the MDL proceeding, the Court thinks it appropriate to defer decision of the remand issue to the MDL judge, who will likely be fielding countless similar arguments of fraudulent joinder."); <u>Jones v. Bristol-Myers Squibb Co.</u>, No. C 13-2415 POJ, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (holding that because the case "raises jurisdictional issues that are both complex and similar to those in other MDL-bound cases, application of the <u>Meyers</u> approach also favors a stay").

## IV.   CONCLUSION

Defendant's motion to stay is GRANTED. Plaintiffs' motion to remand (Dkt. No. 10) is DENIED without prejudice. The hearing on Plaintiff's motion to remand and Defendant's motion to stay, currently scheduled for March 9, 2017, is VACATED.

This case is STAYED until the JPML makes a final decision on whether to transfer this case to MDL 2740. Plaintiffs shall file a motion to lift the stay if the JPML issues a final order denying transfer.

**IT IS SO ORDERED.**

Dated: March 2, 2017



EDWARD J. DAVILA
United States District Judge

4

Case No.: 5:16-cv-07307-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING TRANSFER TO MDL 2740